**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 22-cv-00072-RMR-NRN

GREGORY MORRIS SANDERS,

    Plaintiff,

v.

CORECIVIC, LLC, Prison-for-Profit, & or its Chairman, President, & Shareholders,
PAUL FLORES, Unit Manager, CORECIVIC, LLC, Employee,
ELISSA COLLINS, Correctional Counselor, CORECIVIC, LLC, Employee,
JUDY CAMPBELL, Hospital Services Administrator, R.N., CORECIVIC LLC Employee, and
JOY PALOMINO, Lt. Housing Assignments Officer, CORECIVIC, LLC, Employee,

    Defendants.

## ORDER

    This matter is before the Court on the Recommendation of United States Magistrate Judge N. Reid Neureiter, entered on August 9, 2024, ECF No. 160, addressing Defendant Correctional Health Partners, LLC's ("CHP")'s Motion to Dismiss Plaintiff's Fifth Amended Complaint, ECF No. 137, and Defendants CoreCivic, LLC ("CoreCivic"), Paul Flores, Elissa Collins, Judy Campbell, and Joy Paolomino's (collectively, "CoreCivic Defendants") Motion to Dismiss Plaintiff's Fifth Amended Complaint, ECF No. 140.

The CoreCivic Defendants timely filed an objection to the Recommendation. ECF No. 164. No other party has filed an objection or response to CoreCivic's objection.[1] For the following reasons, the Court adopts in part and rejects in part the Recommendation.

## I.     LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems

---

[1] On August 22, 2024, Plaintiff requested a replacement document of the Recommendation. ECF No. 165. On August 26, 2024, the Clerk of Court was directed to and did mail copies of the Report to Plaintiff and Plaintiff's case manager. ECF Nos. 169, 170. The deadline for Plaintiff to file an objection to the Recommendation was extended up to and including September 5, 2024. ECF No. 169. No objection was filed.

appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[2] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

## II.     ANALYSIS

The parties do not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein.

CoreCivic Defendants object to the portion of the Recommendation wherein the Magistrate Judge construed Plaintiff's second claim for relief in the Fifth Amended Complaint as an American With Disabilities Act ("ADA") claim and the conclusion that the ADA claim survives dismissal. ECF No. 164 at 2. CoreCivic Defendants make four arguments in their objection: (1) the Fifth Amended Complaint did not plead an ADA claim; (2) the Recommendation's ADA statute of limitations analysis is wrong; (3) Plaintiff's ADA claim was not brought against the individual defendants, and they are subject to dismissal regardless; and (4) no ADA claim exists against a private contractor. The Court rejects CoreCivic Defendants first argument, but agrees that the claim must be dismissed based on their third and fourth arguments.

---

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

3

First, CoreCivic Defendants argue that, based on the procedural history of this case, it was "inappropriate" for the Magistrate Judge to interpret the Fifth Amended Complaint as including an ADA claim. ECF No. 164 at 3. CoreCivic Defendants contend that a previous version of the complaint included an explicit ADA claim and therefore Plaintiff "was aware of how to include an ADA claim in his Fifth Amended Complaint" so his "failure to explicitly include an ADA claim in his Fifth Amended Complaint based on the specific procedural history in this matter cannot be considered a mere oversight." ECF no. 164 at 4.

Because Plaintiff proceeds pro se, the Court must construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110 (10th Cir. 1991) (footnote omitted). However, the Court should not be a pro se litigant's advocate, nor should it "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997) (citing *Hall*, 935 F.2d at 1110).

Here, the Court agrees with the Magistrate Judge that, construed liberally, the Court can reasonably read the second claim for relief in the Fifth Amended Complaint to state a claim for a violation of Title II of the ADA. Plaintiff's second claim for relief is

4

described as "Claim Two: Equal Protection Rights Violations, based on discrimination toward an American citizen who is disabled, in violation of the Administrative Regulation ("AR") 750-04-ADA Access, and the United States Constitution." ECF No. 131 at 20. Although not explicitly stated as an ADA claim, the claim clearly identifies its basis in disability discrimination and cites CDOC's AR 750-04, which deals with ADA accommodations requests and establishes an ADA coordinator for offenders. *See Burkhart v. Timme,* No. 11–cv–00341–MSK–MEH, 2013 WL 317544, at *3 n. 2 (D. Colo. Jan. 25, 2013) ("[T]he Court takes judicial notice of the fact that CDOC's Administrative Regulations are public records and a full copy of the regulations discussed in this Order [is] available online."). Further, in support of his claim, Plaintiff repeatedly alleges that CoreCivic Defendants discriminated against him on the basis of his disability. *Id.* ¶¶ 32-34. For example, Plaintiff specifically alleges: CoreCivic Defendants "discriminated against me based on my disability because they denied, delayed, and interfered with medical-prescription which proscribed me from being housed on other than 'lower tiers' and 'lower bunks' . . . . I was deprived of protection due under . . . the Administrative Regulation Policy at *AR 750-04*, ADA Access Accommodations . . . ." *Id.* ¶ 33. Based on these allegations, the Court finds that it can "reasonably read the pleadings to state a valid claim" for a violation of the ADA "despite the [Plaintiff's] . . . confusion of various legal theories . . . ." *Hall*, 935 F.2d at 1110 (10th Cir. 1991) (footnote omitted).

Having construed the second claim for relief as a claim for violation of Title II of the ADA, the Court finds that Plaintiff's ADA claim is nevertheless subject to dismissal because individuals cannot be held liable under the ADA and the ADA does not apply to

5

a private prison management company like CoreCivic.[3] The law is clear that "[i]ndividual defendants in their individual capacities are not properly subject to suit under the ADA." *Brown v. Idaho Corr. Ctr.*, No. 13-CV-01342-REB-KMT, 2015 WL 5251511, at *5 (D. Colo. July 27, 2015) (citing *Ebonie S ex rel. Mary S. v. Pueblo Sch. Dist.*, 819 F.Supp.2d 1179, 1191–92 (D. Colo. 2011)). Thus, the Court considers the claim to the extent it is targeted at CoreCivic only.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a <u>public entity</u>, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). As is relevant here, the ADA defines a "public entity" as (1) any State or local government; (2) any department, agency, special purpose district, or other <u>instrumentality of a State or States or local government</u>. 42 U.S.C. § 12131(1) (emphasis added). The Tenth Circuit has held that "Title II of the ADA does not generally apply to private corporations that operate prisons." *See Phillips v. Tiona*, 508 Fed. Appx. 737, 747-54 (10th Cir. 2013). Notably, in *Phillips*, the Tenth Circuit addressed the applicability of the ADA to Corrections Corporation of America, Inc. ("CCA"), which was the former name of CoreCivic, and specifically held that the ADA does not apply to "CCA with respect to the management of KCCC."[4] *Id.* at 754. Because the

---

[3] CoreCivic Defendants raise this argument in their objection, and it was previously raised in their Motion to Dismiss Plaintiff's Third Amended Complaint where Plaintiff explicitly raised an ADA claim. *See* ECF No. 66 at 8-9. Further, the Court is authorized by statute to dismiss the claim sua sponte. *See Savage v. Troutt*, 780 F. App'x 574, 579 (10th Cir. 2019) (affirming district court's sua sponte dismissal of ADA claim as authorized by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1)).

[4] In its opinion, the Tenth Circuit noted that CCA also operates Crowley County Correctional Facility. *See Phillips*, 508 Fed. Appx. 737 at 751.

Court construes Plaintiff's second claim for relief as a Title II ADA claim against CoreCivic based on its management of the private prison facility, Crowley County Correctional Facility ("CCCF"), the claim must be dismissed as to CoreCivic. Accordingly, the Court need not reach CoreCivic Defendants' argument regarding the statute of limitations.

For these reasons, the Court adopts the Recommendation to the extent it construes Plaintiff's second claim for relief as an ADA claim, but rejects the recommendation to the extent it finds the ADA claim survives dismissal.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. Defendants' Objection to the Recommendation, ECF No. 164, is SUSTAINED IN PART and OVERRULED IN PART;
2. The Recommendation, ECF No. 160, is ADOPTED IN PART and REJECTED IN PART;
3. CHP's Motion to Dismiss, ECF No. 137, is DENIED AS MOOT;
4. CoreCivic Defendants' Motion to Dismiss, ECF No. 140, is GRANTED;
5. Plaintiff's Claims are DISMISSED WITH PREJUDICE.

DATED:  September 19, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge