## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 22-cv-00072-RMR-NRN

GREGORY MORRIS SANDERS,

      Plaintiff,

v.

CORECIVIC, LLC, Prison-for-Profit, & or its Chairman, President, & Shareholders,
PAUL FLORES, Unit Manager, CORECIVIC, LLC, Employee,
ELISSA COLLINS, Correctional Counselor, CORECIVIC, LLC, Employee,
JUDY CAMPBELL, Hospital Services Administrator, R.N., CORECIVIC LLC Employee,
and
JOY PALOMINO, Lt. Housing Assignments Officer, CORECIVIC, LLC, Employee,

      Defendants.

---

## ORDER

---

Before the Court is "Plaintiff's Withstanding Demand on the Court that Plaintiff's Timely Filed "Objection" be Considered as a Matter of Fairness and Justice and Law, and Combined 28 U.S.C. Sec. 1746 Prisoner Mailbox Rule Pursuant to Applicable Rules," (the "Second Motion to Reconsider") ECF No. 180, and "Plaintiff's Motion to Introduce 'Affidavit of Gregory Morris Sanders' – The Plaintiff, Pro Se" (the "Motion to Introduce Affidavit"), ECF No. 183. For the reasons set forth below, Plaintiff's Second Motion for Reconsideration is **DENIED,** and his Motion to Introduce Affidavit, ECF No. 183, is **GRANTED**.

## I.    BACKGROUND

This litigation has been ongoing for several years. There appears to be a recurring theme throughout—the timeliness of court filings and when, in the name of fairness, should the Court toll its deadlines. Plaintiff, who appears pro se, filed his original complaint on January 10, 2022. ECF No. 1. He has had several opportunities to amend his complaint, and the operative complaint is his Fifth Amended Complaint ("FAC") filed on January 9, 2024. ECF No. 131. He alleges that, as a prisoner at Crowley County Correctional Facility ("CCCF"), a facility operated by Defendant CoreCivic, LLC ("CoreCivic"), he was assigned a top bunk on a top tier of the facility even though a medical doctor at CCCF prescribed that he be restricted to a lower bunk on a lower tier.  *Id.* ¶¶  3, 6, 12-17. On January 5, 2020, Plaintiff was climbing up the stairs when his cane got stuck, causing him to fall down the staircase onto the concrete floor and suffer injuries. *Id.* ¶ 22.

On August 9, 2024, Magistrate Judge Neureiter filed his Recommendation on the Defendants' motions to dismiss. ECF No. 160. Magistrate Judge Neureiter construed the FAC as asserting claims for (1) Defendants Flores, Collins, Campbell, and Palomino's deliberate indifference in violation of the Eighth Amendment, (2) CoreCivic's violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 (the "ADA") (3) CoreCivic's violation of the Fourteenth Amendment Equal Protection Clause, and (4) Defendant Collins and Flores' retaliation against Mr. Sanders in violation of the First Amendment right to free speech. *Id.* at 5. Magistrate Judge Neureiter recommended that all the claims except the ADA claim be dismissed because Plaintiff failed to file his complaint within the two-year statute of limitations, and equitable tolling did not apply. ECF No. 160 at 7-12.

The deadline to object to Magistrate Judge Neureiter's Recommendation was fourteen days after service of the Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). *See id.* at 12-13. For Defendants, the deadline to file an objection was August 23, 2024, because they were notified electronically when the Recommendation was filed on the docket. On August 22, 2024, the day before their objection was due, Defendant requested a one-week extension to file their objection, which was denied that same day. ECF Nos. 161, 162. Defendants filed an objection on the due date, August 23, 2024. Plaintiff, on the other hand, was served the Recommendation through the United States Postal Service ("USPS") mail. Plaintiff claims he received the Recommendation on August 14, 2024. ECF No. 165 at 2. On August 16, 2024, Plaintiff mailed a request for a replacement Recommendation because he claimed he could not read the one he received and asked for an extension to object to the Recommendation until fourteen days after he received the replacement Recommendation. *Id.* Plaintiff's request was not filed on the docket until Friday, August 23, 2024. *Id.* On Monday, August 26, 2024, the Court granted in part and denied in part Plaintiff's request, mailing him a replacement Recommendation and giving him an extension until September 5, 2024, to mail his objection. ECF No. 169. The Court never received an objection to the Recommendation or a response to Defendants' objection from Plaintiff. On September 19, 2024, the Court entered an Order adopting in part and rejecting in part the Recommendation. ECF No. 171. The Court dismissed all of Plaintiff's claims against Defendants, including the ADA claim, and entered final judgment. *Id.*; ECF No. 172

On September 30, 2024, Plaintiff filed a document titled "Plaintiff's Objection to Judge Rodri[g]uez's Final Judgment [ECF No. 171] and Motion to Rescind Final Judgment." ECF No. 173. On October 15, 2024, the Defendant filed a timely response. ECF No. 175. Plaintiff argued in his motion that he did timely file his objections to the Recommendation, and he attached three exhibits to his motion that indicated he may have mailed his objection on September 6, 2025. ECF No. 173 at 3, 7-9. The Court construed Plaintiffs' motion as a Motion to Reconsider the Court's order of September 19, 2024, under Fed. R. Civ. P. 59(e) because it was filed within 28 days of the final judgment. ECF No. 176. On October 23, 2024, the Court issued an Order denying Plaintiff's request for relief because: 1) the court never received an objection to the Recommendation, let alone a timely one, from the Plaintiff, so the Court did not know what the objection was; and 2) none of the factors for reconsideration were met. *Id.*

On October 28, 2024, nearly two months after the original deadline, the Court received for the first time Plaintiff's objection to the Recommendation. ECF No. 177. Plaintiff signed and dated the objection "September 5, 2024." ECF No. 177 at 49. He also provided a document titled "Prisoner Mailbox Rule," signed by Plaintiff, stating, "I aver under the penalty of perjury that I completed Plaintiff's Objections to the Magistrate's R&R [ECF 160] today, September 5, 2024." ECF No. 178. As far as the Court can tell, Plaintiff never explains where these documents came from—did he have a copy of his original objection, or did he rewrite his objection? Also on October 24, 2024, Plaintiff filed his "Reply to Defendants' Response in Opposition to Plaintiff's Objection to Judge Regina M. Rodriguez's Final Judgment [171] and Motion to Rescind Final Judgment." ECF No. 179.

These filings were likely mailed before Plaintiff received the Court's Order denying his motion for reconsideration. On November 6, 2024, Plaintiff filed the present Second Motion to Reconsider. ECF No. 180. On November 12, 2024, he filed exhibits to support his Second Motion to Reconsider. ECF Nos. 181-82. On November 18, 2024, he filed his Motion to Introduce Affidavit. ECF No. 183. In his Second Motion to Reconsider, Plaintiff invokes Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(1), (b)(6), (c)(1).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend judgment no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). The Court entered final judgment on September 19, 2024, and Plaintiff filed this instant motion on November 6, 2024. ECF No. 180. Therefore, this instant motion is not timely under Rule 59(e). Plaintiff argues the operative date for the second time he claims to have mailed his objection to the Recommendation is October 17, 2024, arguing it was filed within 28 days of judgment. ECF No. 180 at 5. However, the relevant date for Rule 59(e) is the date the motion to reconsider is filed. The Court previously construed Plaintiff's motion filed on September 30, 2024, as a motion to reconsider, which was filed within 28 days of the final judgment, and denied it. *See* ECF Nos. 173, 176.

Federal Rule of Civil Procedure 60(b) states that relief after judgment is only appropriate based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is

void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *The Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). A Rule 60(b) motion is generally an inappropriate vehicle to advance "new arguments, or supporting facts which were not available at the time of the original motion." *Id.* at 1012. "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quotation omitted).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Therefore, Plaintiff's arguments are more appropriately analyzed under Rule 60(b) rather than Rule 59(e).

Where a party proceeds pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, a pro se party "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."). Thus, although courts "make some allowances for "the [pro se]

plaintiff's failure to cite proper legal authority," "confusion of various legal theories," "poor syntax and sentence construction," or "unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## III.    ANALYSIS

### A.    Second Motion to Reconsider

In his Second Motion to Reconsider, Plaintiff makes two arguments. First, he argues that the Court did not allow him to reply in support of his first motion to reconsider before issuing its order denying the motion. ECF No. 180 at 3. However, the Court is not required to wait for a reply before issuing an order. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

Second, Plaintiff argues that he is entitled to relief because "the Court was ***perhaps*** *unwittingly placed in [a] position that caused the court to misapprehend the facts because the court did not have all the facts due to its claim of not having received the Plaintiff's 'Objections,' and therefore, Mr. Sanders['] position was detrimentally compromised to [a] degree that he was not afforded [a] fair opportunity to be heard and considered via his timely-filed objections."* ECF No. 180 at 3 (emphasis in the original). Plaintiff argues that he mailed his objection to the Recommendation to the Court twice. He alleges the first time was on September 5, 2024, and the second time was on October 17, 2024. *Id.* at 4. He now believes the objection he sent on September 5, 2024, never actually left the facility where he is being housed. *Id.* at 6.

### 1.    Prison Mailbox Rule

More importantly, Plaintiff invokes the prison mailbox rule. *Id.* at 5. Under the prison mailbox rule, under specified conditions, "a pro se prisoner's notice of appeal will be considered timely if [it is] given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005). There are two ways an inmate may establish timely filing under the mailbox rule: "(1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid." *Id.* at 1166.

Plaintiff argues that he complied with the prison mailbox rule because he provided the "law library legal assistant" with his objection for "safekeeping" because the mailroom was closed for the day. ECF Nos. 180 at 9, 182 at 3, 6. He admits that the facility he is housed in has a legal mail system, but argues "*its* legal mail system is **not satisfactory**." ECF No. 180 at 8 (emphasis in the original). To support his claim of timely filing, Plaintiff provided a declaration, "aver[ing] under the penalty of perjury that [he] completed Plaintiff's Objection to [t]he Magistrate [Judge's] R&R [ECF No. 160] today, September 5, 2024" as required by 28 U.S.C. § 1746. ECF No. 178.

The Court concludes Plaintiff has not alleged, let alone established, his compliance with the mailbox rule. First, none of the evidence or arguments Plaintiff makes appeared

in his first motion to reconsider. Next, he failed to give his objection to prison officials for mailing before the filing deadline as required by the rule; rather, he gave his objection to the law library assistant for safekeeping. To comply with the prison mailbox rule, he would have had to give his objections to the prison's legal mailroom on September 5, 2024, but he could not because the mailroom was closed for the day. Even if the facility's legal mail system was inadequate, Plaintiff could have used the regular mail system. However, Plaintiff's declaration is inadequate because he does not state "the date on which the documents were given to prison authorities [or] attest[] that postage was prepaid." *Price*, 420 F.3d at 1163–64. Plaintiff's declaration states when he completed the objection, not when the documents were given to prison authorities. Further, Plaintiff's declaration does not state anything about postage being prepaid. He admits that he did not have any stamps at that time to be able to use the regular mail system. ECF No. 180 at 9. Therefore, Plaintiff is not entitled to the benefit of the mailbox rule. Thus, his objections, first filed with the Court on October 22, 2024, were untimely.

## 2.    Consideration of Plaintiff's Objection

The Tenth Circuit has "adopted a firm-waiver rule providing that the failure to make timely objections to a magistrate judge's recommendations waives appellate review of both factual and legal questions." *Meier v. Aspen Acad.*, No. 24-1372, 2025 WL 2555832, at *1 (10th Cir. Sept. 5, 2025) (quotation omitted). There are only two exceptions to this rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Id.* (quoting *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005)).

Neither exception applies here. As to the first exception, Plaintiff clearly was informed of the period for objecting to the Recommendation. ECF No. 160 at 12-13. As to the second exception, the Tenth Circuit has laid out "interest of justice" factors for the Court to consider, including "(1) the reason for the party's delay in responding to or receiving the magistrate judge's recommendation; (2) whether this explanation was facially plausible; and (3) the *pro se* litigant['] prior tenacity in pursuing the claims." *Martinez v. Martinez*, 294 F. App'x 410, 413 (10th Cir. 2008) (citing *Wirsching v. Colorado,* 360 F.3d 1191, 1197–98 (10th Cir. 2004)). As discussed above, Plaintiff provides several reasons for his failure to receive and object to the magistrate judge's recommendation. Plaintiff was aware of his obligation to respond within fourteen days because he asked for an extension, claiming the copy he received was difficult to read. Plaintiff's explanation regarding his attempts to comply with the prison mailbox rule is less plausible as detailed above. As far as Plaintiff's tenacity in pursuing his claims, he has been an active participant in this litigation for years, but his filings have not always been timely. And his reasons for his delay have not always been reasonable or plausible. Thus, under this standard, the interest of justice does not support applying an exception to the firm waiver rule.

Even if the court did consider Plaintiff's objections timely, the Court could strike them for failure to comply with RMR Civ. Practice Standard 72.3(c) limiting Objection to Magistrate Judge Recommendations to ten (10) pages. Plaintiff's objection to the Recommendation is 25 typed pages. For the first time on October 22, 2024, the Court learned specifically what Plaintiff is objecting to. ECF No. 177. He objects to Magistrate

Judge Neureiter's finding that equitable tolling does not apply to Plaintiff's constitutional claims. *Id.* Plaintiff repeats arguments he made previously about the need to toll dates due to his transferring facilities and losing his legal work, and being quarantined because of COVID-19. *Id.* at 17-21. Even if the Court were to consider the issue de novo, the Court agrees with the Recommendation and finds that it accurately sets forth and applies the appropriate legal standard for equitable tolling.

### 3.    Rule 60(b) Analysis

Construing his pleading liberally, it appears that Plaintiff moves for relief under Rule 60(b)(1), which provides that a court may relieve a party from a final order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In his Second Motion for Reconsideration, Plaintiff provides several reasons he believes the Court should find his objection to the Recommendation timely filed. However, these are arguments that were available at the time that the Court issued the September 19, 2024, order, but which Plaintiff did not make. Therefore, Plaintiff's new arguments, which could have been raised earlier, do not support relief under Rule 60(b)(1). *See Zurich N. Am.*, 426 F.3d at 1289.

To the extent that Plaintiff moves for relief pursuant to Rule 60(b)(6), the Court finds that Plaintiff has not shown that he is entitled to relief. Under Rule 60(b)(6), the Court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted). Relief under Rule 60(b)(6) is appropriate

when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996). As noted above and in the Court's September 19, 2024, order, Plaintiff fails to show the existence of "exceptional circumstances" that entitle him to relief. *See Servants of the Paraclete*, 204 F.3d at 1009. Thus, the Court will deny his motion pursuant to Rule 60(b).

### B.      Motion to Introduce Affidavit

The Court construes Plaintiff's Motion to Introduce Affidavit as a request for an affidavit he had notarized in January 2024 to be part of the record. The affidavit sets out Plaintiff's theory as to why the Court granted the Defendants' motion to dismiss earlier in the case. *See* ECF No. 183 at 10. To the extent Plaintiff wishes this affidavit to be part of the record, Plaintiff's Motion to Introduce Affidavit is granted.

### III.      CONCLUSION

For the reasons set forth above, Plaintiff's Second Motion to Reconsider is **DENIED**, and Plaintiff's Motion to Introduce Affidavit is **GRANTED**. A copy of this Order, marked as legal mail, shall be sent to Plaintiff and Plaintiff's case manager.

DATED:  September 22, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge