**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 22-cv-00072-RMR-NRN

GREGORY MORRIS SANDERS,

      Plaintiff,

v.

CORECIVIC, LLC, Prison-for-Profit, & or its Chairman, President, & Shareholders,
PAUL FLORES, Unit Manager, CORECIVIC, LLC, Employee,
ELISSA COLLINS, Correctional Counselor, CORECIVIC, LLC, Employee,
JUDY CAMPBELL, Hospital Services Administrator, R.N., CORECIVIC LLC Employee,
and
JOY PALOMINO, Lt. Housing Assignments Officer, CORECIVIC, LLC, Employee,

      Defendants.

---

## ORDER

---

Before the Court is "Plaintiff's Objection to Court 184 Order Which Denied Plaintiff's Second Motion for Reconsideration, Entitled: Plaintiff's Withstanding Demand on the Court that Plaintiff's Timely Filed 'Objection' be Considered as a Matter of Fairness and Justice and Law, and Combined 28 U.S.C. Sec. 1746 Prisoner Mailbox Rule Pursuant to Applicable Rules," (the "Third Motion to Reconsider") ECF No. 185. For the reasons set forth below, Plaintiff's Third Motion to Reconsider, ECF No. 185, is **DENIED.**

### I.    BACKGROUND

The background of this case has been thoroughly outlined by this Court in ECF No. 184. For the sake of clarity, this Court will reoutline the relevant facts and procedural

history herein. Magistrate Judge Neureiter entered his Recommendation (the "Recommendation") on the Defendants' motions to dismiss in August of 2024. ECF No. 160. In accordance with Fed. R. Civ. P. 72(b)(2), the deadline to object to Magistrate Judge Neureiter's Recommendation was fourteen days after service of the Recommendation. *See id.* at 12-13. Defendants filed a timely objection, but the Court did not receive an objection to the Recommendation or a response to Defendants' objection from Plaintiff. ECF No. 164. As a result, the Court entered an Order adopting in part and rejecting in part the Recommendation and entered final judgment. ECF Nos. 171 and 172.

After entry of Final Judgment, Plaintiff filed a document titled "Plaintiff's Objection to Judge Rodri[g]uez's Final Judgment [ECF No. 171] and Motion to Rescind Final Judgment." ECF No. 173. On October 15, 2024, the Defendants filed a timely response. ECF No. 175. The Court construed Plaintiff's Motion as a Motion to Reconsider the Court's order, ECF No. 171, under Fed. R. Civ. P. 59(e) because it was filed within 28 days of the final judgment. ECF No. 176. This Court issued an Order denying Plaintiff's First Motion to Reconsider. *Id.* On October 28, 2024, nearly two months after the original deadline, the Court received for the first time Plaintiff's objection to the Recommendation. ECF No. 177. On the same day, Plaintiff filed his "Reply to Defendants' Response in Opposition to Plaintiff's Objection to Judge Regina M. Rodriguez's Final Judgment [171] and Motion to Rescind Final Judgment." ECF No. 179.

Plaintiff filed his Second Motion to Reconsider on November 6, 2024, which this Court denied on September 22, 2025. ECF No. 180 and 184. Plaintiff then filed his Third Motion to Reconsider on October 14, 2025. ECF No. 185. Plaintiff also filed a Notice of

Appeal, ECF No. 186, as to this Court's order, ECF No. 171, and entry of Final Judgment, ECF No. 172, on October 14, 2025. After filing his Notice of Appeal and without requesting leave of this Court, Plaintiff filed an Amended Third Motion to Reconsider on October 23, 2026. ECF No. 190. The United States Court of Appeals ("USCA") notified this Court that the USCA will hold Plaintiff's appeal in abatement until this Court rules on Plaintiff's Third Motion to Reconsider, ECF No. 185. *See* ECF Nos. 198 and 199.

## II. ANALYSIS

### A. Operative Filing

Plaintiff filed his Amended Third Motion to Reconsider, ECF No. 190, on October 23, 2025, importantly, after this Court's entry of Final Judgment. Plaintiff did not request leave to amend his original Third Motion to Reconsider, ECF No. 185, and moved forward with the filing of his Amended Motion to Reconsider, ECF No. 190, without this Court's permission. As such, Plaintiff's Amended Third Motion to Reconsider, ECF No. 190, is invalid. The operative pleading is Plaintiff's original Third Motion for Reconsider, ECF No. 185.

### B. Third Motion to Reconsider

As of the date of this order, Plaintiff filed three Motions to Reconsider that ultimately seek to alter this Court's order, ECF No. 171, and entry of final judgment, ECF No 172. *See* ECF Nos. 173, 180, and 185. Plaintiff's first two Motions to Reconsider were denied by this Court. ECF Nos. 176 and 184. Plaintiff's Amended Third Motion to Reconsider seeks to take a third bite at the apple based upon the same underlying facts that were available to Plaintiff when he filed his First and Second Motions to Reconsider. This is

3

impermissible. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (holding that absent extraordinary circumstances, the basis for a second motion for relief from judgment or final order must not have been available at the time the first motion was filed.); *see also Seabron v. Am. Family Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012) ("The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed.") Therefore, this Court DENIES Plaintiff's Third Motion to Reconsider as it seeks impermissible relief.

### III.    CONCLUSION

For the reasons set forth above, Plaintiff's Amended Third Motion to Reconsider is **DENIED**. A copy of this Order, marked as legal mail, shall be sent to Plaintiff and Plaintiff's case manager.

DATED:  July 1, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

4